WILLIAM McCRAW.
ATTORNEY GENERAL

SCOTT GAINES.
FIRST ASSISTANT

BOB GROSE.
CHIEF LAW ENFORCEMENT
OFFICER

RUTH MYERS.
CHIEF CLERK

ASSISTANTS
JOE J. ALSUP
VICTOR W. BOULDIN
J. H. BROADHURST
WM. M. BROWN
H. GRADY CHANDLER
VERNON COE
WILLIAM C. DAVIS
L. B. DUKE
W. W. HEATH
CURTIS E. HILL
WM. MADDEN HILL



W. J. (DICK) HOLT
C. M. KENNEDY
LEONARD KING
LETCHER KING
GEORGE P. KIRKPATRICK
SAM LANE
ROBERT W. McKISSICK
WILLIAM McMILLAN
M. C. MARTIN
T. F. (TED) MORROW
LEON O. MOSES
PAT M. NEFF, JR.
HARRY S. POLLARD
W. B. POPE
RUSSELL RENTFRO
TOM D. ROWELL
ALFRED M. SCOTT
JOE SHARP
DICK STOUT
EARL STREET
MARVIN TREVATHAN
FRED C. VARNER, JR.
EFFIE WILSON-WALDRON
CHARLES B. WALKER

## OFFICE OF THE ATTORNEY GENERAL

### AUSTIN

January 16, 1939

Mr. A. A. Miller
County Attorney
Newton County
Newton, Texas

Dear Mr. Miller:

Opinion No. 0-83
Re: Construction of Articles
1321 and 1330, Penal Code
of Texas

Your request for an opinion regarding the construction of Articles 1321 and 1330 of the Penal Code of Texas has been received by this office.

Articles 1321 and 1330 read as follows:

"Art. 1321. Burning woodland or prairie. Whoever wilfully or negligently sets fire to, or burns, or causes to be burned, any woodland or prairie not his own, shall be fined not less than fifty nor more than three hundred dollars. This offense is complete where the offender sets fire to his own woodland or prairie and the fire communicates to the woodland or prairie of another.

"Art. 1330. Firing forest or cut-over land. Whoever wilfully or negligently sets on fire or causes to be set on fire any forest, cut-over, brush or grass land not his own; or sets on fire or causes to be set on fire any forest, cut-over, brush or grass land, belonging to himself, and allows such fire to escape to any forest, cut-over, brush or grass land, not his own; or wilfully or negligently suffers any fire set by himself to damage any property of another, and any person

setting fire or causing fire to be set for the
purpose of burning debris on areas worked or cupped
for turpentine and wilfully or negligently allow-
ing such fire to spread to adjacent areas not then
being so worked or cupped, shall be fined not less
than ten nor more than two hundred dollars."

Article 7 of the Penal Code of Texas, provides:

"This code and every other law upon the sub-
ject of crime which may be enacted shall be con-
strued according to the plain import of the lan-
guage in which it is written without regard to the
distinction usually made between the construction
of the penal laws and laws upon other subjects, and
no person shall be punished for an offense which
is not made penal by the plain import of the words
of a law."

Article 8 of the Penal Code of Texas, provides:

"Words which have their meaning specially de-
fined shall be understood in that sense, though
it be contrary to their usual meaning, and all
words used in this code except where a word, term
or phrase is specifically defined, are to be con-
strued in the sense in which they are understood
in common language, taking into consideration the
context and subject matter relative to which they
are employed."

In the construction of the statute, the legislative
intent if that intent cannot be ascertained, must govern.
When that intention is discovered it will prevail even over
the literal import of words. Cain v. State, 20 T. 355.

For the purpose of ascertaining the intention of
the Legislature enacting a statute, the language employed
in the act is first to be resorted to. If the words em-
ployed are free from ambiguity and doubt and express plainly,
clearly and distinctly intent according to the most natural
import of the language, there is no occasion to look else-
where. Murray v. State, 21 C. R. 620.

It is a well settled rule in the construction of statutes and for the purpose of arriving at the legislative intentions that all laws on the same subject matter are to be taken together, examined and considered as if they were one law. Cain v. State, 20 T. 355.

In view of the foregoing authorities, we must look at the specific language of Article 1321 and Article 1330 to determine what offenses they define and the penalties they prescribe. In Article 1321, the words "woodland or prairie" are used, while in Article 1330, the words "forest, cut-over, brush or grass land" are used. Therefore, it is the opinion of the writer that these statutes do not cover the same thing but similar things and in determining under what statute an offense should be charged, the facts in the specific case are controlling and the offense should be charged under the statute that clearly defines the offense and the county attorney should determine from the facts the statute under which the complaint is filed.

Trusting that the foregoing answers your inquiry, I remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Ardell William_
Assistant

AW:AW

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS